# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RICHARD SATTERFIELD,

    Petitioner,

vs.

GREGORY COX, *et al.*,

    Respondents.

Case No. 2:13-cv-00424-GMN-GWF

**ORDER**

    This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Before the Court is respondents' motion to dismiss.

**I. Procedural History**

    On September 11, 2007, petitioner was convicted, pursuant to a jury trial, of first degree murder with the use of a deadly weapon. (Exhibit 36).[1] Petitioner was sentenced to two consecutive terms of 20 years to life in the Nevada Department of Corrections. (*Id.*). Petitioner filed a direct appeal. (Exhibit 37). Petitioner's opening brief on appeal was filed on July 17, 2008. (Exhibit 52). On May 5, 2009, the Nevada Supreme Court affirmed petitioner's convictions. (Exhibit 56).

    Petitioner filed a post-judgment habeas petition on September 24, 2009. (Exhibit 62). With the assistance of counsel, petitioner filed a supplemental brief in support of the post-judgment habeas petition. (Exhibit 74). The state district court held an evidentiary hearing. (Exhibit 78). On August 30, 2011, the state district court entered written findings of fact, conclusion of law, and order denying the petition. (Exhibit 84). Petitioner appealed the denial of his petition. (Exhibit 87). On May 8, 2012, petitioner's opening brief on appeal was filed. (Exhibit 99). On February 13, 2013, the Nevada Supreme Court affirmed the denial of the post-judgment habeas petition. (Exhibit 109).

---

[1] The exhibits referenced in this order are found in the Court's record at ECF Nos. 14-18.

Petitioner mailed his federal petition to this Court on March 9, 2013. (ECF No. 1). A first amended petition was filed on May 2, 2013. (ECF No. 6). A second amended petition was filed on May 30, 2013. (ECF No. 8). In the second amended petition, petitioner raises five claims for relief:

Ground 1: Petitioner's Fifth and Fourteenth right to due process was violated the State withheld evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

Ground 2: Petitioner's Fifth, Sixth, and Fourteenth Amendment rights to due process and the effective assistance of counsel were violated when trial counsel failed to seek a continuance in order to review the recorded interview of Shawn Clay and a diagram drawn by Clay.

Ground 3: Petitioners Fifth and Fourteenth Amendment right to due process was violated because the evidence at trial failed to satisfy the requirements of NRS 175.291.

Ground 4: Petitioner's Fifth and Fourteenth Amendment right to due process was violated when the trial court refused to give (a) a limiting instruction regarding gang evidence, and (b) proposed instructions regarding the weighing of accomplice testimony.

Ground 5: Petitioner's Fifth and Fourteenth Amendment right to due process was violated by the cumulative effect of errors at trial.

(ECF No. 8, at pp. 3-20). Respondents move to dismiss the second amended petition. (ECF No. 13). Petitioner filed an opposition to the motion to dismiss. (ECF No. 20). Respondents filed a reply. (ECF No. 22).

**II. Discussion**

**A. Grounds 3 and 4(b)**

Respondents claims that Ground 3 and Ground 4(b) are not constitutional claims for which federal habeas relief is available. In Ground 3 of his second amended petition, petitioner claims that his due process rights were violated because the state court did not adhere to the requirements of NRS 175.291, which requires independent corroboration of the testimony of an accomplice. (ECF No. 8, at pp. 12-13). In a related claim, Ground 4(b), petitioner argues that the trial court erred by

-2-

refusing to give his proposed jury instructions on the corroboration of accomplice testimony. (ECF No. 8, at p. 15-16).

Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under federal habeas corpus. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). A state law issue cannot be mutated into one of federal constitutional law merely by invoking the specter of a due process violation. *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996), *cert. denied*, 522 U.S. 881 (1997). Petitioner must demonstrate the existence of federal constitutional law which establishes the right in question. Other than invoking the phrase "due process," petitioner has not demonstrated the existence of federal constitutional law establishing the right in question. State law requiring the corroboration of accomplice testimony does not implicate the United States Constitution. *See, e.g., Laboa v. California*, 224 F.3d 972, 979 (9th Cir. 2001); *Foster v. Ward*, 182 F.3d 1177, 1193 (10th Cir. 1999); *Harrington v. Nix*, 983 F.2d 872, 874 (8th Cir. 1993); *Brown v. Collins*, 937 F.2d 175, 182 n.12 (5th Cir. 1991). Because petitioner's claims are based on an alleged violation of state law, they are not valid claims for federal habeas relief. *See Pully v. Harris*, 465 U.S. 37, 41 (1984). Ground 3 and Ground 4(b) are dismissed with prejudice as not cognizable claims for which federal habeas relief can be granted.

**B. Grounds 1 and 4(a)**

Respondents assert that Ground 1 and Ground 4(a) are unexhausted.

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). To satisfy exhaustion, each of

petitioner's claims must have been previously presented to the Nevada Supreme Court, with references to a specific constitutional guarantee, as well as a statement of facts that entitle petitioner to relief. *Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2002). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984).

In Ground 1 of the federal petition, petitioner claims that his due process rights were violated when evidence related to an interview of Shawn Clay, and a diagram that Clay drew during the interview, were withheld in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). (ECF No. 8, at pp. 3-7). Petitioner's *Brady* claim has not been presented to the Nevada Supreme Court. (Exhibit 52; Exhibit 99). The only related claim that was presented to the state court was the claim of ineffective assistance of counsel that is now presented as Ground 2 of the federal petition. (ECF No. 8, at pp. 9-10). Claims of trial error and claims of ineffective assistance of counsel are based on different legal theories and are reviewed under different standards, and the presentation of one does not serve

to exhaust the other. *See Rose v. Palmateer*, 395 P.3d 1108, 1112 (9th Cir. 2005); *Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2002). The *Brady* claim raised in Ground 1 of the federal habeas petition is different from the claim of ineffective assistance of counsel that was presented in state court. *Compare* ECF No. 8, at pp. 3-7 *with* Exhibit 99, at pp. 14-18.

In Ground 4(a), petitioner alleges that due process was violated when the trial court refused to give a limiting instruction regarding gang evidence. The due process claim in Ground 4(a) is different from the claim of ineffective assistance of counsel regarding the gang evidence instruction that was presented in state court. *Compare* ECF No. 8, at p. 15 *with* Exhibit 99, at pp. 18-20. Because Ground 1 and Ground 4(a) have not been fairly presented to the Nevada Supreme Court, these grounds are unexhausted.

**C. Petitioner's Options Regarding Unexhausted Claims**

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, the court finds that Ground1 and Ground 4(a) are unexhausted. Because the court finds that the petition is a "mixed petition," containing both exhausted and unexhausted claims, petitioner has these options:

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;

2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

3. He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

See *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this court, will result in his federal habeas petition being dismissed. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28

U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

**III. Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 13) is **GRANTED, as follows:**

1. Ground 3 and Ground 4(b) are **DISMISSED WITH PREJUDICE** as not cognizable claims for which federal habeas relief can be granted.

2. Ground 1 and Ground 4(a) are unexhausted.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** to either: **(1)** inform this Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; **OR (2)** inform this Court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; **OR (3)** file a motion for a stay and abeyance, asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds, respondents shall have **thirty (30) days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

**DATED** this 3rd day of July, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court