# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RICHARD SATTERFIELD,

    Petitioner,

vs.

GREGORY COX, *et al.*,

    Respondents.

Case No. 2:13-cv-00424-GMN-GWF

**ORDER**

This is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. By order filed July 3, 2014, this Court entered an order granting in part and denying in part respondents' motion to dismiss. (ECF No. 23). The Court dismissed with prejudice Grounds 3 and 4(b) of the second amended petition as not cognizable. The Court also found that Ground 1 and Ground 4(a) of the second amended petition are unexhausted. The Court gave petitioner options for handling his unexhausted claims, pursuant to *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).

On July 18, 2014, petitioner filed a "motion to proceed on exhausted grounds." (ECF No. 24). In this motion, petitioner indicates that he abandons the unexhausted claims of the second amended petition and wishes to proceed on his exhausted grounds. Petitioner's motion is granted.

Petitioner has also filed an *ex parte* motion for the appointment of counsel. (ECF No. 26). Pursuant to 18 U.S.C. § 3006(a)(2)(B), the district court has discretion to appoint counsel when it determines that the "interests of justice" require representation. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). Petitioner previously moved

for the appointment of counsel, and this Court denied petitioner's motion, finding that the claims in this case are not complex and that petitioner is able to present matters to the Court in an organized and understandable manner. (ECF No. 9). Moreover, petitioner has filed a reply to the answer, further indicating his ability to present issues to the Court. Nothing in petitioner's renewed motion for counsel causes this Court to alter its decision to deny the appointment of counsel. Petitioner's *ex parte* motion for the appointment of counsel is denied.

Petitioner has filed a motion for a status check. (ECF No. 28). Petitioner is informed that respondents have filed an answer to the second amended petition. (ECF No. 25). Petitioner has filed a reply to the answer. (ECF No. 27). By this order, petitioner's motion for a status check is granted. The Court will enter an order addressing the merits of the second amended petition in due course.

**IT IS THEREFORE ORDERED** that petitioner's motion to proceed on exhausted grounds (ECF No. 24) is **GRANTED.**

**IT IS FURTHER ORDERED** that petitioner's *ex parte* motion for the appointment of counsel (ECF No. 26) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motion for a status check (ECF No. 28) is **GRANTED.** The Court will enter an order addressing the merits of the second amended petition in due course.

**DATED** this 10th day of March, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court